USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/19/2023__

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELAINE MALINOWSKI, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION and JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC.,<br><br>Defendants. | Case No. 7:23-CV-08421-NSR |
| MICHELLE L. PETTIFORD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION and JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC.,<br><br>Defendants. | Case No. 7:23-cv-08517-NSR |
| ANTHONY HANNA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION and JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC.,<br><br>Defendants. | Case No. 7:23-cv-08755-PMH |

| | |
|---|---|
| VANESSA HAYS, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION and JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC.,<br><br>      Defendants. | Case No. 7:23-CV-09215-UA |
| MICHAEL WRIGHT, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION and JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., d/b/a JANSSEN<br><br>      Defendants. | Case No. 7:23-cv-09364-NSR |
| JOSEPH HALEY, ROWDY ALLDRIDGE, and MARY LEA KIRBY, individually on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION and JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC.,<br><br>      Defendants. | Case No. 7:23-cv-09679-NSR |

2

| | |
|---|---|
| KRISTAL MIZE, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, JOHNSON & JOHNSON HEALTH SYSTEMS, INC. and JANSSEN CAREPATH<br><br>　　　　Defendants. | Case No.  7:23-cv-09725-NSR |

**ORDER GRANTING AMENDED AND UNOPPOSED MOTION TO CONSOLIDATE CASES, TO APPOINT INTERIM CO-LEAD COUNSEL, AND TO SET A SCHEDULE FOR THE FILING OF CONSOLIDATED COMPLAINT**

This matter is before the Court on the joint Motion of Plaintiffs in the above captioned actions to consolidate the actions, appoint interim class counsel, and permit the filing of a single consolidated complaint.

Having reviewed the Motion and supporting Memorandum, the Court finds that consolidation of the actions is appropriate pursuant to Federal Rule of Civil Procedure 42(a).

The Court further finds that early identification and appointment of interim Class Counsel is in the best interests of the parties and of judicial economy. Such appointment will establish a clear leadership structure on the Plaintiffs' side, will allow Defendants and Defendants' counsel clear direction with respect to Plaintiffs' counsels' authority to negotiate and enter into stipulations, confer with respect to deadlines and other issues, and agree to Court required discovery plans. Furthermore, such interim appointment will ensure that the members of the putative Classes are adequately protected up to and until the Court's final determination on whether or not to certify the Class.

The Court being fully advised and for good cause shown, the Motion is hereby **GRANTED**.

Accordingly, the Court **ORDERS** as follows:

The above-captioned actions shall be CONSOLIDATED for all purposes into the *Malinowsky* action, which is the lowest numbered case. All future pleadings, motions, briefs, and other papers shall be filed in the *Malinowsky* action, No. 7:23-CV-08421 which shall hereinafter be a Consolidated Action. The Clerk is DIRECTED to close the *Pettiford, Hanna, Hays, Wright, Haley and Mize* actions.

> a) Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the forgoing shall be construed as a waiver of Defendant's right to object to consolidation of any subsequently-filed or transferred related action; and
>
> b) Plaintiffs' consolidated class action complaint shall be filed within 30 days after appointment of interim counsel.

IT IS FURTHER **ORDERED** that*:* Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC; Steven M. Nathan of Hausfeld LLP; Jeff Ostrow of Kopelowitz Ostrow Ferguson Weiselberg Gilbert; Danial Srourian of Srourian Law Firm P.C.; and John Yanchunis of

Morgan & Morgan Complex Litigation Group are appointed as Interim Co-Lead Counsel for all Plaintiffs. Interim Co-Lead Counsel must assume responsibility for the following duties during all phases of this litigation:

a) Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

b) Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

c) Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

d) Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as he or his designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

e) Serving as the primary contact for all communications between Plaintiffs and Defendants, and acting as spokespersons for all Plaintiffs

vis-à-vis Defendants and the Court;

f) Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

g) Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

h) Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

i) Initiating and conducting discussions and negotiations with counsel for Defendants on all matters, including settlement;

j) Negotiating and entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

k) Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

l) Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

m) Encouraging and enforcing efficiency among all Plaintiffs' counsel;

n) Assessing Plaintiffs' counsel for the costs of the litigation;

o) Preparing and distributing periodic status reports to the Court and to the parties as ordered;

p) Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses as further detailed below and, on an ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, Co-Lead Counsel also will recommend apportionment and allocation of fees and expenses subject to Court approval; and,

q) Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

**Additional Matters**

*Settlement Discussions*

Any discussions of a settlement of this litigation shall be conducted by Interim Co-Lead Counsel and any counsel designated by Interim Co-Lead Counsel.

*Proposed Agendas*

In advance of each status conference, Interim Co-Lead Counsel and Defendants' counsel will meet and confer regarding the agenda for the conference. Unless otherwise ordered, Interim Co-Lead Counsel and Defendants' counsel will file a joint notice setting out the proposed agenda and the parties' joint and/or respective positions no later than five calendar days prior to each status conference.

*Application of this Order*

This Order applies to all actions included in the above-captioned consolidated matters and all subsequently consolidated actions.

Interim Co-Lead Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in each related action not yet consolidated in this proceeding to the extent that Interim

Co-Lead Counsel is aware of any such action(s) and on all attorneys for Plaintiffs whose cases have been so consolidated but who have not yet registered for ECF. The Clerk of Court is kindly directed to terminate the motion at ECF No. 16.

Dated: December 19, 2023  
White Plains, NY

_____  
The Honorable Nelson Stephen Roman  
United States District Judge

8